IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03129-WYD-KLM

PETER BOYD, and
CORDELIA GILLIS

    Plaintiffs,

v.

THE HOME DEPOT, INC.,

    Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Strike Plaintiffs' Expert Disclosures** [Docket No. 18; Filed September 24, 2012] (the "Motion"). Plaintiffs submitted a Response in opposition to the Motion on October 12, 2012 [#23], and Defendant filed a Reply on October 18, 2012 [#27]. The Motion is ripe for review and referred to this Court for disposition. *See* [#19]. For the reasons stated below, the Court **DENIES** the Motion.

**I.    Background**

This lawsuit arises from Plaintiffs' allegations that on May 4, 2010, Plaintiff Boyd fell in a wheelchair accessible bathroom stall at a Home Depot store in Colorado Springs while attempting to move from his wheelchair to the toilet. *Complaint* [#1] at 2-3. Plaintiffs allege that the stall's support bar, which Plaintiff Boyd leaned on to move to the toilet, gave way, causing him to fall and sustain serious injuries. *Id.* In the instant Motion, Defendant requests that the Court strike Plaintiffs' expert witness disclosures because Plaintiffs

disclosed three more experts than the Scheduling Order permitted. [#18] at 3. Defendant asserts that Plaintiffs disclosed a total of eight experts, three retained and five non-retained. [#18] at 2. Alternatively, Defendant requests that the five non-retained expert disclosures be stricken because, according to Defendant, expert reports should have been produced for these experts pursuant to Fed. R. Civ. P. 26(a)(2)(B) but were not. Defendant also contends that even if expert reports are not required, Plaintiffs failed to provide the subject of and a summary of the non-retained experts' testimony as required by Rule 26(a)(2(C).

In Response, Plaintiffs first contend that Defendant's counsel failed to properly confer with Plaintiffs' counsel before filing the Motion. [#23] at 1. Plaintiffs' counsel further contends that before the Motion was filed, he spoke with Defendant's counsel and informed him that in addition to the three retained experts, only two of the five previously identified non-retained experts, Drs. Rauzzino and Hodulik, would be called. *Id.* Plaintiffs' counsel states that by the end of the conversation he believed that all the expert disclosure issues had been resolved. *Id.* at 2. Thus, when the Motion was filed, Plaintiffs' counsel claims he called Defendant's counsel and asked him to withdraw the Motion. *Id.* Additionally, Plaintiffs' counsel acknowledges in the Response that Drs. Rauzzino and Hodulik will testify to matters beyond their treatment of Plaintiff Boyd, including causation and impairment. *Id.* at 4. Plaintiffs' counsel therefore indicated that he was disclosing Dr. Rauzzino's expert report simultaneously with the Response and that Dr. Hodulik's expert report would be disclosed as soon as it was received. *Id.* at 5.

In the Reply, Defendant's counsel disputes the version of events stated by Plaintiffs' counsel in the Response. [#27] at 2-6. Defendant's counsel states that he spoke with Plaintiffs' counsel more than a week *after* the Motion was filed, on October 2, 2012, to

discuss other discovery issues. *Id.* at 4.[1] During this call, according to Defendant's counsel, Plaintiffs' counsel for the first time stated that he would only be calling five expert witnesses at trial, including Drs. Rauzzino and Hodulik. *Id.* He further states that Plaintiffs' counsel never even mentioned the Motion, let alone asked defense counsel to withdraw it. *Id.* at 5. Regardless, in light of the modifications to Plaintiffs' expert disclosures, Defendant now seeks only the exclusion of the expert designations of Drs. Rauzzino and Hodulik. [#27] at 2. Defendant explains that it did not receive Dr. Rauzzino's expert report until October 12, 2012, more than a month after the September 4, 2012 deadline and that, as of the date of the Reply, it had not received Dr. Hodulik's expert report. [#27] at 6, 13.[2] Defendant argues that it has been prejudiced by the untimely disclosure of the reports and that the two experts should therefore be excluded. *Id.* at 8-17.

## II. Analysis

Although Fed. R. Civ. P. 26(a)(2)(D) governs the timing of expert report disclosures, Fed. R. Civ. P. 37(c)(1) prescribes the Court's authority to strike expert testimony based on an untimely disclosure. *E.g., Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952 (10th Cir. 2002) (holding that "[r]ule 37(c) permits a district court to refuse to strike expert reports and allow expert testimony even when the expert report violates Rule 26(a) if the violation

---

[1] Defendant's counsel also explains that he sent two letters to Plaintiffs' counsel regarding the expert witness issues before filing the Motion but received no response to either letter. *See* [#18-2, #18-3]. Thus, Defendant argues that Plaintiffs' failure to confer argument is without merit. [#27] at 18.

[2] In light of the representation made by Plaintiff's counsel in the Response, the Court assumes that Dr. Hodulik's expert report was disclosed to Defendant soon after the Reply was filed. If that is not the case and Dr. Hodulik's report has not yet been disclosed, the Court will, pursuant to a motion, reconsider its ruling on the instant Motion as to Dr. Hodulik.

is justified or harmless."). Rule 37(c)(1) provides that a failure to comply with Rule 26(a) precludes the use of the expert information at issue "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.1999). The Court must consider four factors in determining whether the failure to timely disclose is substantially justified or harmless: (1) the prejudice or surprise to the impacted party, (2) the ability to cure the prejudice, (3) the potential for trial disruption, and (4) the erring party's bad faith or willfulness. *Woodworker's Supply, Inc.*, 170 F.3d at 993. "'The burden of establishing substantial justification and harmlessness is upon the party who is claimed to have failed to make the required disclosures.'" *See Contour PAK, Inc. v. Expedice, Inc.*, No. 08-cv-01091-PAB-KMT, 2009 WL 2490138, at *1 (D. Colo. Aug. 14, 2009) (quoting *Nguyen v IBP, Inc.*, 162 F.R.D. 675, 680 (D.Kan. 1995)).

Plaintiff contends that Defendant has not been prejudiced by the late expert reports from Drs. Rauzzino and Hodulik. [#23] at 6. Plaintiff argues that no trial date has been set in this matter and that ample time exists for Defendant to depose Drs. Rauzzino and Hodulik. *Id.*

Defendant argues that the factors set forth in *Woodworker's Supply* weigh in favor of striking the untimely reports and, in turn, the two experts' testimony. [#27] at 8-17. Defendant argues that it has been prejudiced because "the discovery period has closed, the deadline for Home Depot to designate experts has expired, and the deadline to file *Daubert* motions and dispositive motions is November 1, 2012." [#27] at 14. Defendant

4

further claims that Plaintiffs cannot cure the prejudice, that allowing the late reports would disrupt trial in this matter, and that Plaintiffs have offered no excuse for failing to comply with Rule 26(a)(2)(B) and the Scheduling Order.  [#27] at 10-13, 15-17.

Applying the four *Woodworker's Supply* factors here, the Court finds that Plaintiffs' failure to timely provide expert reports for Drs. Rauzzino and Hodulik was harmless. Regarding the first factor, prejudice to the impacted party, the Court finds minimal prejudice to Defendant as a result of the late disclosures.  As Plaintiffs noted, no trial date has been set in this matter.  The District Judge just recently issued a Minute Order [#49] stating that because the motion for partial summary judgment was not fully briefed until a few weeks ago, this matter is not ripe for a trial setting.  Additionally, the parties agree that Dr. Rauzzino's report was disclosed on October 12, 2012, approximately five weeks after the deadline.  As noted above, presumably Dr. Hodulik's report was disclosed soon thereafter. Although the Court recognizes the importance of complying with expert report disclosure deadlines, Defendant had ample time after the disclosures to request modifications of other case deadlines that were affected by the late disclosures.  In fact, the parties requested and received an extension of the dispositive motions deadline to complete other expert depositions.  *See* [#22].  Defendant could have made the same request for the purpose of deposing Drs. Rauzzino and Hodulik.

Further, Defendant's contention that the late disclosures prevented it from filing timely *Daubert* motions is no longer true in light of the Court's November 9, 2012 Order [#36] vacating the Rule 702 motions deadline.  As the Order stated, the District Judge has instructed the parties that they may file Rule 702 or *Daubert* motions once the case is scheduled for a final trial preparation conference and jury trial.  *See* [#33].  For these

5

reasons, the Court finds that the late disclosures of the expert reports have resulted in minimal prejudice to Defendant.

Regarding the second factor, the Court finds that the minimal prejudice caused by the late disclosures can be cured. As explained above, because a trial date will not be set until after a ruling on the motion for partial summary judgment, there appears to be sufficient time to depose Drs. Rauzzino and Hodulik, and, if warranted by their deposition testimony, file Rule 702 or *Daubert* motions to preclude their testimony. Additionally, the Court would be willing to entertain a motion by Defendant to supplement its own rebuttal expert disclosures, if necessary, based on the deposition testimony of Drs. Rauzzino and Hodulik. Thus, the Court finds that any prejudice resulting from the late disclosures can be cured.

With respect to the third factor, there appears to be very little potential for trial disruption as a result of the untimely disclosures. As explained above, there is no trial setting in this matter and there is sufficient time to conduct depositions and do what is necessary to avoid any potential disruption of the trial.

Finally, with regard to the fourth factor, the Court finds that there is insufficient evidence of bad faith or willfulness surrounding Plaintiffs' untimely disclosures of the expert witness reports. Although Plaintiffs fail in their Response to provide an explanation for the late disclosures, the Court finds no basis to conclude it was done willfully or in bad faith. The Court notes that Plaintiffs have identified Drs. Rauzzino and Hodulik as non-retained experts, which ordinarily are exempt from the requirement to issue a report. *See Silver v. Shapiro*, No. 10-cv-01856-CMA-KLM, 2011 WL 1321798, at *2 (D.Colo. April 5, 2011). Because the two doctors intend to offer opinions regarding causation and impairment, in

addition to testimony regarding their treatment of Plaintiff Boyd, Plaintiffs acknowledge that the doctors must issue written reports in conformity with Rule 26(a)(2)(B). *See id.* This distinction between report requirements for retained and non-retained experts may account for the fact that Plaintiffs timely disclosed written reports from their retained experts but failed to do so with respect to their non-retained experts. Regardless, the Court finds that Defendant's arguments that Plaintiffs acted with bad faith and willfulness are unavailing.

Considering the four *Woodworker's Supply* factors together, the Court finds that Plaintiffs' untimely disclosures of the expert reports by Drs. Rauzzino and Hodulik are "harmless" such that the reports should not be stricken pursuant to Rule 37(c)(1). Although Rule 37(c)(1) authorizes other sanctions for late disclosures besides striking the information, Defendant has not requested an alternative sanction here.

### III. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#18] is **DENIED**.

Dated: January 25, 2013

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge

7