IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03129-WYD-KLM

PETER BOYD, and
CORDELIA GILLIS

     Plaintiffs,

v.

THE HOME DEPOT, INC.,

     Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Strike the Errata Sheet for The Deposition of Plaintiff Cordelia Gillis** [Docket No. 28; Filed October 29, 2012] (the "Motion"). Plaintiffs submitted a Response in opposition to the Motion on November 19, 2012 [#38], and Defendant filed a Reply on December 3, 2012 [#44]. The Motion is ripe for review and referred to this Court for disposition. *See* [#29]. For the reasons stated below, the Court **DENIES** the Motion.

**I.**    **Background**

This lawsuit arises from Plaintiffs' allegations that on May 4, 2010, Plaintiff Boyd fell in a wheelchair accessible bathroom stall at a Home Depot store in Colorado Springs while attempting to move from his wheelchair to the toilet. *Complaint* [#1] at 2-3. Plaintiffs allege that the stall's support bar, which Plaintiff Boyd leaned on to move to the toilet, gave way, causing him to fall and sustain serious injuries. *Id.* In the instant Motion, Defendant

requests that the Court strike the deposition errata sheet pertaining to Plaintiff Gillis ("Gillis"). [#28] at 1. Although Defendant seeks to have the entire errata sheet stricken, Defendant's primary argument in support of the Motion specifically references only three of Gillis's modified answers on the errata sheet.[1]  [#28] at 6-7. Thus, at least with respect to Defendant's primary argument, the Court construes it to request that only those three modified answers be stricken. The Court recognizes that Defendant's secondary argument in support of the Motion, regarding improper notarization, applies to the entire errata sheet.

Defendant first argues that Gillis's three modified answers should be stricken because they go beyond the scope of deposition review authorized by Fed. R. Civ. P. 30(e). [#28] at 8-11. Defendant contends that Gillis materially changed her answers by subsequently recalling information she could not recall during the deposition. [#28] at 6. Defendant argues that the modified answers "appear to be strategically-timed attempts by Plaintiffs to change Ms. Gillis' deposition testimony to enable her now to provide well-rehearsed and planned answers to the many probing questions that she was originally able to avoid due to a supposed lack of memory...." [#28] at 10. Alternatively, Defendant argues that the errata sheet should be stricken in its entirety because it was not properly notarized.

In Response, Plaintiffs argue that Rule 30(e) expressly authorizes the kind of modifications made by Gillis. [#38] at 2. Plaintiffs further argue that Gillis's changes are not material, and that even if the Court finds them to be material, the relevant factors to consider under Tenth Circuit law weigh against striking Gillis's modified answers.

---

[1] The errata sheet contains a total of fourteen modifications. See [#28-4].

Regarding the notarization issue, Plaintiffs argue that nothing in Rule 30(e) requires a notarized signature on an errata sheet.

In the Reply, Defendant argues that the changes made by Gillis are material in that they extend beyond mere spelling changes or transcription errors. [#44] at 1-2. Defendant contends that because the changes are material, the three factors identified by the Tenth Circuit apply here. [#44] at 2-5. Defendant argues that all three factors support striking Gillis's modified answers. *Id.* With respect to the notarization question, Defendant contends that an errata sheet is simply a continuation of a deposition which must be under oath. [#44] at 5-6. Thus, according to Defendant, "unless an errata sheet is signed in the presence of a notary, the changes contained on the errata sheet have not been made under oath." *Id.*

## II. Analysis

### A. Legal Standards

Rule 30(e) of the Federal Rules of Civil Procedure provides:

(1) **Review; Statement of Changes.** On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

    (A) to review the transcript or recording; and

    (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) **Changes Indicated in the Officer's Certificate.** The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

The Tenth Circuit interprets Rule 30(e) narrowly, thus limiting permissible changes to deposition testimony. *See Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 (10th Cir. 2002). In discussing the purpose of Rule 30(e), the court in *Garcia*, quoting *Greenway v. International Paper Co.*, 144 F.R.D. 322, 325 (W.D.La. 1992), stated:

> The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.

*Garcia*, 299 F.3d at 1242 n.5. The court further stated that "[w]e do not condone counsel's allowing for material changes to deposition testimony and certainly do not approve of the use of such altered testimony that is controverted by the original testimony." *Id.* "Errata sheets may be used to correct errors or to clarify an answer when a question is not understood, but it [sic] may not be used to alter what has been stated under oath." *Myers v. Dolgencorp, Inc.*, No. 04-4137-JAR, 2006 WL 408242, *1 (D.Kan. 2006). Non-material changes to deposition testimony are permitted by Rule 30(e). *Id.*

In *Burns v. Board of County Commissioners of Jackson County*, 330 F.3d 1275, 1282 (10th Cir. 2003), the court held that deposition changes pursuant to Rule 30(e) should be evaluated under the same analysis for determining whether an affidavit in support of a summary judgment motion may be disregarded because it conflicts with the affiant's prior sworn statements. A contrary affidavit will be disregarded when it "'constitutes an attempt to create a sham fact issue.'" *Id.* at 1282 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986)). The factors a court must consider in deciding whether an affidavit presents a sham fact issue and, correspondingly, whether to permit deposition changes pursuant to Rule 30(e), include: (1) "whether the affiant was subject to cross-examination

4

during his earlier testimony"; (2) "whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the affidavit was based on newly discovered evidence"; and (3) "whether the earlier testimony reflects confusion which the affidavit attempts to explain." *Id.*

>   **B.   Application**

Here, the three deposition answers at issue relate to photographs that Gillis took after the incident in the bathroom stall at Home Depot. In questioning Gillis about the photos, defense counsel asked if she ever touched or moved the door to the handicapped stall while she was in the men's room. [#28-3] at 3 (p. 99 of deposition transcript). At the deposition, Gillis responded that she did not remember. *Id.* On the errata sheet, Gillis modified her response by stating, "Yes, I remember going into handicapped stall." [#28-4] at 3 (p. 4 of errata sheet).

The second answer that Gillis modified was in response to defense counsel's question about whether Gillis ever took any photographs from inside the handicapped stall while she was in the men's room. [#28-3] at 3. At the deposition, Gillis responded that she did not remember if she was inside the stall or not. *Id.* On the errata sheet, Gillis modified her response by stating, "Yes, I remember taking pics of grab bar and being inside handicapped stall." [#28-4] at 3.

The third answer that Gillis modified involved the following exchange:

Q   Did you ever, while in the men's room, move anything or change the positioning of anything as it was at the time you first entered?

A   I don't remember. The door. I had to then have changed the door when I opened it.

Q   You mean the entry door to –

> A      Yes.
>
> Q      – the restroom itself?
>
> A      Yes.
>
> Q      Anything else?
>
> A      I don't think so, no.
>
> Q      Do you recall for sure?
>
> A      No.

[#28-3] at 4. On the errata sheet, Gillis modified the above response where she said, "I don't think so, no" by stating, "Yes, I can recall touching men's bathroom door[,] handicapped stall door[,] grab bar, toilet roll." [#28-4] at 3.

Defendant argues that Gillis's modifications impermissibly alter what was said under oath. Defendant contends that Gillis never claimed during her deposition that she did not understand the questions for which she is now trying to change her answers, nor is there any basis to believe Gillis's capacity to answer the questions was diminished. [#28] at 10. Defendant claims that Gillis and her counsel "had to know in advance of her deposition that she would be called upon in her deposition to account for all of the discrepancies in the photos that suggest evidence tampering/fabrication." *Id.*

As Plaintiffs point out in the Response, however, subsequent testimony in Gillis's deposition shows that Gillis later recalled going into the handicapped stall to take photographs.[2] [#38] at 4-5. Moreover, the subsequent testimony cited by Plaintiffs shows

---

[2] Plaintiffs fail to attach to their Response the portions of the deposition transcript on which they rely for their argument. They do, however, re-type those portions of the transcript in their Response. Because Defendant has not objected to the accuracy of the re-typed portions, the Court assumes they are accurate.

6

that Gillis was reviewing the pertinent photographs at that time and thus had the benefit of the photographs to enhance her recollection. *Id.* On the contrary, as to the questions and answers that are the subject of the instant Motion, the transcript suggests that Gillis was not reviewing any photographs when answering those questions. *See* [#28-3] at 3-4. Thus, although the parties fail to provide enough of the deposition transcript for the Court to obtain a complete picture, it appears to the Court that during her subsequent testimony in which she was looking at specific photographs, Gillis's recollection of whether she went into the bathroom stall, among other details, was refreshed. That subsequent recollection may very well explain the Rule 30(e) changes Gillis made. The fact that, with the benefit of the photographs, Gillis later recalled during her deposition that she was, in fact, inside the stall to take pictures, renders her Rule 30(e) modifications far less manipulative than Defendant alleges in its Motion.

The Court notes that Gillis took the photographs of the bathroom and the stall on May 4, 2010, the date of the underlying incident. [#28-2] at 3. Her deposition was more than two years later on July 25, 2012. [#28-3] at 2. Thus, it makes sense to the Court that when Gillis was first questioned in her deposition about whether she went inside the stall to take photos, she did not remember because she was not looking at the photos. It also makes sense that during subsequent questioning when she was able to view the photos, she remembered that she went into the stall, among other details.

The Court therefore finds that under these circumstances, including the very limited deposition testimony provided by the parties, Gillis's three deposition modifications at issue here do not constitute material alterations to her testimony. The Court finds that the changes are, in large part, consistent with subsequent testimony during the same

7

deposition when Gillis had the benefit of photographs to refresh her recollection. Because the Court finds that under these circumstances Gillis's Rule 30(e) modifications are not material, the Court need not address the three *Burns* factors. *See Myers*, No. 04-4137-JAR, 2006 WL 408242, *1 (D.Kan. 2006) (holding that Rule 30(e) allows both non-material changes to deposition testimony *and* material changes that satisfy the *Burns* factors). To the extent that a more complete version of the deposition transcript would reflect the kind of material manipulation of deposition responses that Defendant alleges in its Motion, the Court's decision does nothing to prevent Defendant from utilizing the changed responses on the errata sheet to impeach Gillis's credibility.

Defendant next argues that Gillis's errata sheet should be stricken because it is not properly notarized. [#28] at 11-13. Defendant first contends that although the errata sheet was signed by a notary, it was not "notarized," which presumably means the notary seal was not imprinted. *Id.* at 11. Alternatively, Defendant contends that there is no indication on the errata sheet that Gillis, who lives out of state, signed the sheet in the notary's presence. *Id.*

The Court finds that Defendant's arguments regarding improper notarization are without merit. First, the Court is not convinced that the notary seal is not imprinted on the errata sheet. The copy provided to the Court shows markings that appear to form a circle in a spot where the seal is likely to be placed. [#28-4] at 5. Although the markings are very faint and not discernable, in the absence of a cleaner copy, the Court cannot make a determination that a notary seal is not imprinted. Regardless, even if Defendant's notary contentions are true, Defendant provides no legal authority for the contention that striking the errata sheet is an appropriate sanction for an improper notarization. Absent such

authority, the Court will not strike the errata sheet on these grounds.  Again, to the extent Defendant believes it can show improper notarization, nothing in this decision prohibits it from using the errata sheet as a basis to challenge the truthfulness of Gillis's statements.

### III.   Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#28] is **DENIED**.

Dated: January 31, 2013

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge