IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03129-WYD-KLM

PETER BOYD, and
CORDELIA GILLIS

    Plaintiffs,

v.

THE HOME DEPOT, INC.,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion for Reconsideration of Order Denying Motion to Strike Plaintiffs' Expert Disclosures as to Dr. Hodulik** [Docket No. 51; Filed January 28, 2013] (the "Motion"). Plaintiff has not filed a Response and the deadline to do so has passed. The Motion is therefore ripe for review.

On January 25, 2013, the Court issued an Order [#50] denying Defendant's Motion to Strike Plaintiffs' Expert Disclosures [#18]. The Court found that Plaintiffs' failure to timely provide expert reports for two non-retained expert witnesses, Drs. Rauzzino and Hodulik, was harmless. [#50] at 5. The Court found, among other things, that the late disclosure of Dr. Rauzzino's report, which occurred on October 12, 2012, approximately five weeks after the disclosure deadline, caused minimal prejudice to Defendant given that no trial date has been set by the District Judge and a motion for partial summary judgment is pending. *Id.* The Court made the same finding with respect to Dr. Hodulik based on the assumption that,

pursuant to the representation of Plaintiff's counsel, Dr. Hodulik's report would be disclosed soon after Dr. Rauzzino's was disclosed. *Id.* at 2, 5. The Court inserted a footnote in the Order addressing this assumption:

> In light of the representation made by Plaintiff's counsel in the Response, the Court assumes that Dr. Hodulik's expert report was disclosed to Defendant soon after the Reply was filed. If that is not the case and Dr. Hodulik's report has not yet been disclosed, the Court will, pursuant to a motion, reconsider its ruling on the instant Motion as to Dr. Hodulik.

[#50] at 3 n.2.

Based on this footnote, Defendant seeks reconsideration of the Court's Order. Defendant explains in the Motion that Plaintiffs have never furnished a report from Dr. Hodulik. [#51] at 2. Defendant therefore requests that the Court reconsider its Order as to Dr. Hodulik and that it strike the disclosure of Dr. Hodulik as an expert in this case. *Id.*

A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider are limited to the following: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

The Court finds that the high standard for reconsideration is satisfied here. The Court denied Defendant's motion to strike as to Dr. Hodulik based on the erroneous assumption that Plaintiffs' counsel had disclosed Dr. Hodulik's expert report soon after disclosing Dr. Rauzzino's report. In light of the fact that Dr. Hodulik's expert report has still

not been disclosed, and given Plaintiffs' failure to respond to the instant Motion, the Court reconsiders its ruling that the failure to timely disclose the report was harmless. Upon reconsideration of the four factors identified in *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999), for determining whether the failure to timely disclose is substantially justified or harmless,[1] the Court finds that the failure to disclose Dr. Hodulik's expert report is neither substantially justified nor harmless. The Court finds that the factors, especially the erring party's willfulness, weigh in favor of striking Dr. Hodulik as an expert.

Plaintiffs acknowledged in October that they intend to call Dr. Hodulik to testify as an expert witness to matters beyond his treatment of Plaintiff Boyd. *See* [#23] at 4. They further acknowledged that, as a result, they were required to disclose an expert report from Dr. Hodulik. *See id.* Despite that acknowledgment, Plaintiffs have still not disclosed the report, nor have they even attempted to provide an explanation by responding to the instant Motion. For these reasons,

IT IS HEREBY **ORDERED** that the Motion [#51] is **GRANTED**.

IT IS FURTHER **ORDERED** that Plaintiffs' disclosure of Dr. Hodulik as an expert witness is **STRICKEN**.

Dated: March 1, 2013

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge

---

[1] The four factors are: (1) the prejudice or surprise to the impacted party; (2) the ability to cure the prejudice; (3) the potential for trial disruption; and (4) the erring party's bad faith or willfulness. *Woodworker's Supply, Inc.*, 170 F.3d at 993.